CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 09 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID F. SPRINKLE, | Civil Action No. 7:12-cv-00085 |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | By: Judge James C. Turk<br>Senior United States District Judge |
| Defendant. | |

Plaintiff David F. Sprinkle ("Sprinkle") brought this action for review of Defendant Michael J. Astrue's ("the Commissioner") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act ("the Act"), as amended 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq. This Court has jurisdiction over the action pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). Both Sprinkle and the Commissioner filed motions for Summary Judgment. Oral argument was heard on December 18, 2012 and the motions are now ripe for disposition.

The ultimate issue before the Court is whether substantial evidence supports the Commissioner's final decision that Plaintiff can perform a range of unskilled sedentary and light work. Plaintiff challenges two aspects of the ALJ's decision that affect the ultimate issue. First, Plaintiff alleges that the ALJ failed to give adequate weight to the testimony of his treating physician, and failed to provide a sufficient explanation as to why he was discounting the treating physician's report or to point to specific evidence that contradicted the treating physician's report. Second, Plaintiff contends that the ALJ drew improper factual inferences not supported by the record and that those errors led him to improperly assess the plaintiff's credibility and complaints of pain.

For the reasons stated below, the Court finds that the Commissioner's final decision is supported by substantial evidence. Accordingly, the Commissioner's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion for Summary Judgment is **DENIED**.

## I.   STANDARD OF REVIEW

When reviewing the Commissioner's final decision, the Court's review is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether they were reached through the application of the correct legal standards. See 42 U.S.C. § 405(g); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). The Commissioner's finding of any fact is conclusive provided it is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401; Hancock, 667 F.3d at 472. Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but it "consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock, 667 F.3d at 472 (citation omitted).

If the Commissioner's determinations are supported by substantial evidence, a reviewing court may not substitute its judgment for that of the Commissioner, but instead must defer to those determinations. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); 42 U.S.C. § 405(g); Accordingly, "[i]n reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ . . . Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Hancock, 667 F.3d at 472 (internal alterations and citations omitted).

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Sprinkle was born in 1958, and was 47 years old at the time he alleges he became disabled on December 31, 2005, and 53 years old at the time of the ALJ's decision, which places him in the category of "person closely approaching advanced age." R. 26, 83, 526, 540.[1] Although he only completed formal education through the tenth grade, he subsequently earned a GED in 1976. He previously has been employed as both an electrician's helper and as a millwright. R. 25, 541, 552. Sprinkle alleges that he became disabled from all forms of substantial gainful employment on December 31, 2005. R. 12. Sprinkle alleges his disability continues to this day and is the result of polycystic kidney disease and ischemic brain disease.[2] R. 543-44. The kidney disease causes pain in his lower back as well as internal bleeding when the polyps burst and this also causes him to suffer from high blood pressure. R. 543. Additionally, Sprinkle has a fused left ankle and continues to suffer from pain in his left ankle. At the hearing before the ALJ, Plaintiff stated that he can stand for approximately 30 minutes and walk for 10 minutes before he has to stop and rest. He testified that he can sit for approximately 45 minutes at a time, but that sitting puts pressure on his back. Consequently, he usually lies down more than he sits, and typically lies down off and on all day. R. 545-547.

Sprinkle filed applications for benefits under both Title II and Title XVI on February 13, 2009. R. 83-84, 526-31. His claims were denied on initial consideration and on reconsideration.

---

[1] Citations to the Certified Administrative Record, ECF No. 7, are designated by "R." throughout this Opinion.

[2] "Polycystic kidney disease" is defined by the medical literature as a "progressive disease of the kidneys marked by the development of many cysts which compress and destroy the functional tissues of the kidneys." J.E. Schmidt, Attorney's Dictionary of Medicine, Vol. IV at P-342 (1999) (hereinafter "Dict. of Med."). "Ischemia" is a "condition in which a part of the body suffers from a lack of blood, usually because of a contraction of the blood vessels." Id. at Vol. 3, I-190. Thus, "brain ischemia" would be the lack of blood to the brain. See id. Although Sprinkle alleged he suffered a stroke while incarcerated, neither his treating physician, Dr. Shahady, nor any other physician opined that he was limited in his working abilities as a result of brain ischemia or a stroke. Nonetheless, his February 12, 2009 application referenced "ischemic brain disease." R. 115.

R. 115-134, 172-197. Thereafter, Sprinkle requested and received a hearing and review before an Administrative Law Judge ("ALJ"), which was held on May 11, 2011. R. 535-55. In an opinion dated August 24, 2011, the ALJ denied Sprinkle's requests for benefits after determining that he was not disabled. Specifically, the ALJ determined that Sprinkle's polycystic kidney disease and status post left ankle fusion both met the definition of a severe impairment under 20 C.F.R. §§ 404.1520(c) and 416.920(c). R. 16. However, the ALJ found that these impairments did not meet, nor were they medically equal to, a listed impairment, as detailed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 17. The ALJ determined that Sprinkle had the residual functional capacity ("RFC") to:

> [L]ift/carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk six hours; and sit six hours in an eight-hour workday. However, he cannot climb ladders, ropes, or scaffolds; and he must avoid concentrated exposure to hazards.

R. 18; see also R. 130-31, 193-94 (RFC finding upon initial denial and upon reconsideration). Based on this RFC and the opinion testimony of a vocational expert who testified at the hearing, the ALJ found that although Sprinkle could not perform any of his past work, there were jobs at the sedentary and unskilled level of exertion that Sprinkle could perform. R. 25-27. Specifically, the ALJ concluded that, "considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." R. 27. The Commissioner denied review of the ALJ's decision, R. 7-11, and Sprinkle now appeals.[3]

## III. DISCUSSION

Plaintiff's Motion for Summary Judgment makes two arguments in support of his request that this Court reverse the findings of the ALJ, as not supported by substantial evidence, and

---

[3] Sprinkle has met the insured status requirements of the Act at all relevant times covered by the Commissioner's final decision. 42 U.S.C. §§ 416(i) & 423(a).

4

award Sprinkle the benefits he seeks. Plaintiff argues that the ALJ erred (1) in failing to give greater weight to the opinion of Sprinkle's treating physician, Dr. Trudy Shahady, who opined concerning Sprinkle's functional limitations; and (2) in improperly evaluating the plaintiff's pain complaints and finding that the plaintiff was not credible. After reviewing the record in this case, the Court finds that Plaintiff's arguments lack merit and that the Commissioner's final decision is supported by substantial evidence.

### A.    The ALJ Gave Appropriate Weight to the Opinions of Dr. Shahady

Sprinkle first argues that the ALJ erred in failing to give greater or controlling weight to the opinions of his general physician, Dr. Trudy Shahady. As an initial matter, while the Commissioner does not dispute that Dr. Shahady was a "treating physician," see ECF No. 16 at 11, the record reflects that Dr. Shahady examined Plaintiff only one time, on January 31, 2011, before she completed the check-off form as to his limitations four months later.[4] R. 494-97. According to the medical notes of Dr. Shahady, she refilled Plaintiff's prescription during the January 2011 visit. R. 461.

Assuming that she should be deemed a "treating source," Dr. Shahady's limited interactions with Sprinkle can certainly be taken into account as a factor in determining of whether the ALJ was required to assign her opinion of Sprinkle's limitations "controlling weight." See, e.g., Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006) (explaining that the reason why greater weight is typically accorded to a treating physician's testimony is "because the treating physician has necessarily examined the applicant and has a treatment relationship with the applicant") (citations omitted). Where that "treatment relationship" is extremely limited, as it is here, then the medical opinion is entitled to less weight. See id. (noting that the factors

---

[4] As the ALJ pointed out, R. 23, Dr. Shahady is in the same medical practice as Dr. Thompson, who had previously examined Plaintiff on several different occasions.

5

such as "the treatment relationship between the physician and the applicant" are relevant in evaluating and weighing a medical opinion); 20 C.F.R. 404.1527(d)(2)(i) ("the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion"). As noted by the Commissioner, the check-off form submitted by Dr. Shahady was not part of any "detailed, longitudinal picture" of Plaintiff's medical condition, 20 C.F.R. §§ 404.1527(d)(2), but appears instead to have been submitted solely in support of Plaintiff's claim for disability benefits.

Notably, moreover, nothing in the governing statute or regulations requires that more weight always be given to the opinions of treating sources. Rather, 20 CFR. § 416.927(d) directs the ALJ to also consider, when determining how much weight to assign a medical opinion, the supportability of the physician's opinion, the consistency of the opinion with the record, and whether the physician is a specialist. See 20 C.F.R. §§ 416.927(d)(3)-(5); see also Hines, 453 F.3d at 563. Thus, the Fourth Circuit has explained that there is no "absolute" rule that greater weight should be afforded to a treating physician's opinion and indeed, it may be given less weight "if there is persuasive contrary evidence." Hines, 453 F.3d at 563 & n.2 (quoting Hunter v. Sullivan, 933 F.2d 31, 35 (4th Cir. 1992)). If, for example, the treating physician's opinion is not supported or is otherwise inconsistent with the record "it should be accorded significantly less weight." Craig v. Charter, 76 F.3d 585, 590 (4th Cir. 1996).

If an ALJ does not give controlling weight to a treating physician's opinion, the ALJ must "give good reasons" for that decision. See 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2). In this case, after describing the assessment given by Dr. Shahady, the ALJ explained its reasons for not crediting Dr. Shahady's opinion as follows:

> The undersigned has considered this assessment, but finds it inadequately supported by the essentially stable clinical and

6

> diagnostic findings of record and also grossly disproportionate to the weight of the other evidence of record. In addition, Dr. Shahady specializes in Family Medicine, so it is curious that her limitations due to polycystic kidney disease stand in contrast to the absence of any limitations ascribed by nephrologist Dr. Gaurav[5] in February 2009, who also noted stage 3 chronic kidney disease (see Ex. B11F, pg. 9 [R. 418]). Indeed, the undersigned did not locate significant limitations from treating or examining sources in the claimant's contemporaneous treatment record, even though the claimant has proffered a significant amount of treatment evidence.

R. 25.

Having reviewed Plaintiff's medical history, the Court concludes that the ALJ's decision not to give controlling weight to Dr. Shahady's opinion as to Sprinkle's limitations is supported by substantial evidence in the record. Dr. Shahady's opinion, which was provided in the form of a checklist, is not supported by any documented examination of Plaintiff by her, lacks a detailed explanation as to why Sprinkle would be unable to perform the various tasks checked, is not furnished by a medical specialist, and is not consistent with the record as a whole.

In particular, Dr. Shahady's opinions were not consistent with the opinions of the other treating and examining physicians, none of whom opined that Sprinkle was so severely limited in his ability to perform physical tasks. While it is true, as Sprinkle argues, that those physicians, including Dr. Gaurav, may not have been asked to perform such an assessment, it is noteworthy that very little mention is made of limitations or pain by the other treatment providers, and certainly no references that would be consistent with the limitations Dr. Shahady recommended, thereby undermining confidence in Dr. Shahady's opinion.[6]

---

[5] A nephrologist is a "specialist in the field of kidney disease." <u>Dict. of Med.</u>, Vol. IV at N-51.

[6] The contradictory medical evidence includes the fact that Dr. DiGiovanni, who treated Plaintiff for a period of more than one year, never articulated such severe functional limitations as to preclude Plaintiff's performance of a reduced range of light work. Additionally, Dr. Gaurav, the nephrology specialist, noted essentially normal functioning by Plaintiff, aside from some "fullness" in the bilateral abdomen and flank area, and described Sprinkle as not being in "acute distress." R. 416-17. Dr. Thompson (Dr. Shahady's

7

For all of these reasons, substantial evidence supports the ALJ's decision not to credit the Plaintiff's limitations as proffered by Dr. Shahady. Thus, the ALJ did not err in afforded Dr. Shahady's opinion less weight than the other medical sources.

### B. The ALJ Properly Evaluated Plaintiff's Credibility

Sprinkle next asserts that the ALJ improperly evaluated his complaints of pain and erred in concluding that his pain complaints were not credible. ECF No. 12 at 18. Specifically, he contends that he has established that he suffers from impairments that cause pain, that he testified about his impairments, and that he submitted medical evidence to substantiate his allegations. He points to his own testimony at the hearing, during which he stated he could stand for only 30 minutes, sit for 45 minutes, has difficulty walking more than 10 minutes, and must lie down multiple times per day due to pain and fatigue. R. 545-47.

Moreover, Sprinkle argues that the ALJ implies that Plaintiff was a drug seeker and that is why Dr. Cohen would no longer prescribe narcotic medication. ECF No. 12 at 19 (citing R. 22). Sprinkle argues this is contrary to the evidence in the record and that the ALJ allowed this information to color his assessments of Sprinkle's credibility. He further contends that the ALJ erred in failing to find him "fully credible." ECF No. 12 at 20.

First, the Court finds that substantial evidence in the record supports the ALJ's findings that Sprinkle sought pain medication and made misrepresentations to Dr. Cohen and his staff after Dr. Cohen expressed reluctance to continue prescribing pain medications for Plaintiff. See, e.g., R. 484. Although Dr. Cohen referred him to a pain specialist instead of simply refusing to prescribe further medication, the ALJ's assessment that Dr. Cohen had concerns about continuing to prescribe pain medications to Sprinkle is supported by the record.

---

co-provider) also noted, in August 2010, that Plaintiff was 'getting better" with the medications prescribed. R. 462. Additionally, during an earlier examination, Dr. Thompson described Plaintiff as in no real acute distress and sitting comfortably. R. 463.

8

Moreover, and significantly, the ALJ did not dispute that Sprinkle suffered from impairments that could cause pain or that Sprinkle suffered from some pain. R. 24. But whether Sprinkle suffers from pain is not the determinative question in the context of this appeal; rather, the relevant inquiry is whether that pain credibly causes functional limitations that render Sprinkle unable to work. See Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) ("Pain is not disabling per se . . . ."). Thus, the ALJ correctly assessed whether Sprinkle's complaints of pain credibly could have caused pain "so severe as to be disabling." R. 22. Interestingly, although Sprinkle testified that he could only sit for 45 minutes per day, he also testified that the trip to the hearing took 45 minutes and that he had no real discomfort traveling. R. 547, 541. Notably, moreover, various treatment notes of Plaintiff during the time he claims to be disabled show that he was not in acute pain during his examinations. Indeed, the results of a comprehensive examination performed by a pain management specialist, Dr. Vorenkamp, showed that although Plaintiff had some tenderness over both kidneys, he had good functioning and capacity otherwise and many of his systems were functioning fine (e.g., he had clear lungs and a regular heart rate and rhythm, intact sensation to light touch, was able to walk without assistance, and had maximum strength in all extremities). R. 410-412. As the Commissioner properly notes, "[a]ll of this evidence supports the ALJ's conclusions that Plaintiff's symptoms were not so severe as to prevent him from performing a reduced range of light work." ECF No. 16 at 14.

In short, the ALJ's approach in evaluating Plaintiff's credibility was consistent with the applicable guidelines. See 20 C.F.R. §§ 404.1529(c), 416.929(c) ("In evaluating the intensity and persistence of your symptoms, we consider all of the available evidence, including your history, the signs and laboratory findings, and statements from you, your treating or nontreating source, or other persons about how your symptoms affect you. We also consider the medical opinions of

9

Case 7:12-cv-00085-JCT   Document 19   Filed 01/09/13   Page 9 of 10   Pageid#: 634

your treating source and other medical opinions as explained in § 404.1527."). Therefore, this Court finds that the ALJ's assessment of the credibility of Sprinkle's complaints of pain was not improper and instead was supported by substantial evidence.

## IV. CONCLUSION

After review of the record, this Court finds that the ALJ's decision is supported by substantial evidence. Accordingly, this Court **GRANTS** the Commissioner's Motion for Summary Judgment, ECF No. 15, and **DENIES** the Plaintiff's Motion for Summary Judgment, ECF No. 11. An appropriate order shall this day issue.

The Clerk is directed to send copies of this Memorandum Opinion and accompanying Order to all counsel of record.

ENTER: This 9th day of January, 2013.

James C. Turk
Senior United States District Judge